IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN A. STROTHER, | ) CASE NO.:  1:09 CV 745 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CITY OF LORAIN, OHIO, *et al.*, | ) |
| | ) <u>MEMORANDUM OPINION</u> |
| | ) <u>AND ORDER</u> |
| Defendants. | ) |

This case is currently before the Court on Defendants' Motion to Dismiss for Failure of Plaintiff to Provide Discovery Responses. (ECF #21).  Plaintiff has not responded to the motion.  Defendants seek dismissal pursuant to Fed. R. Civ. Pro. 37(d)(1)(A)(ii), alleging that Plaintiff has failed to respond to Defendants' First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions Propounded to Plaintiff, all of which were served on July 21, 2009.   Further, Defendants allege that Plaintiff has failed to sign and return authorizations for release of his medical records as requested in June of 2009.  Plaintiffs have attached correspondence showing that they have attempted in good faith to obtain the discovery and releases without court intervention.

Under Fed. R. Civ. P. 37(b)(2) and (d)(1)(A)(ii) this Court may sanction a party for

failing to comply with court orders relating to discovery, or for a party's failure to attended a properly noticed deposition, or respond to interrogatories. Defendants have not sought any orders compelling discovery in this action, and although Plaintiff has apparently not cooperated in picking an agreeable date for depositions, neither has he failed to attend a properly noticed deposition. Therefore, the only proper grounds for Rule 37 sanctions currently alleged by the Defendants is the Plaintiff's failure to respond to the Defendants' Interrogatories.

Four factors are generally considered when determining whether dismissal is the appropriate sanction for a discovery violation under Rule 37: (1) whether the party's failure to cooperate in discovery is willful; (2) whether the adversary was prejudiced by the failure to cooperated in discovery; (3) whether the dismissed party was warned that a failure to cooperate could result in dismissal; and, (4) wether less drastic sanctions were imposed or considered prior to dismissal. *Bass*, 71 F.3d at 241; *Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 632 (6th Cir. 2006).

In this case, Plaintiff does not contest that he has failed to respond to the interrogatories (nor that he has thwarted other avenues of discovery), and has offered no explanation or excuse for his failure to comply. The discovery period assigned (and extended) by the Court has expired, and Plaintiff has provided none of the discovery necessary for the Defendants to properly defend or evaluate their case. Plaintiff's failure to comply with its discovery obligations has substantially prejudiced the Defendants in this action. Within the context of Rule 37 sanctions, "prejudice" has been defined to include "deprivation of information through no-cooperation with discovery." *Technology Recycling*, 186 Fed. Appx. at 636. The Defendants, need not prove irremediable harm. *Id.* Plaintiff's refusal to cooperate during discovery has

clearly undermined the Defendants ability to defend themselves in this action, and has caused unnecessary delay and expense by forcing Defendants to repeatedly seek discovery responses. Defendants, however, have not sought assistance from the Court by seeking an order compelling discovery; less drastic sanctions have not been previously implemented or considered by the Court; and, the Plaintiff has not previously been put on notice that dismissal was a likely result of his failure to cooperate at this juncture.

Having considered all of the sanctions and other available options, the Court finds, that the proper course of action is as follows: (1) Plaintiff's discovery is closed in accordance with the schedule set by the Court; and, (2) Plaintiff shall have one week to complete and return authorizations for the release of his medical information; two weeks to fully respond to all of the Defendants' outstanding discovery requests; and one month to make himself available for deposition at a time and place amenable to the Defendants. If any of these deadlines are not met, it is this Court's belief that any sanction short of dismissal would be futile and would be likely to result only in additional unnecessary waste of time and resources for all involved. Therefore, if any of these deadlines pass without full compliance by the Plaintiff, Defendants may re-file their motion, and the Court will dismiss this action with prejudice without further delay.

Further, in accordance with Fed. R. Civ. Pro. 37(d)(3), Plaintiff is hereby ordered to pay the reasonable expenses, including attorneys fees, caused by his failure to timely answer the interrogatories. Defendants shall submit proof of expenses and fees relating to Plaintiff's failure to respond to interrogatories, and a proposed order, no later than January 20, 2010.

For all of the reasons set forth above, Defendants' Motion to Dismiss (ECF #21) is DENIED.    Plaintiff is hereby ordered to comply with the discovery requests as set forth above. IT IS SO ORDERED.

                                                      /s/ Donald C. Nugent  
                                                      Donald C. Nugent  
                                                      United States District Judge

Date:   January 6, 2010