# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. STROTHER, | ) | CASE NO. 1:09 CV 745 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF LORAIN, OHIO, et al., | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |

On January 6, 2010, this Court issued an order in the above captioned matter, stating as follows:

> This case is currently before the Court on Defendants' Motion to Dismiss for Failure of Plaintiff to Provide Discovery Responses. (ECF #21). Plaintiff has not responded to the motion. Defendants seek dismissal pursuant to Fed. R. Civ. Pro. 37(d)(1)(A)(ii), alleging that Plaintiff has failed to respond to Defendants' First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions Propounded to Plaintiff, all of which were served on July 21, 2009. Further, Defendants allege that Plaintiff has failed to sign and return authorizations for release of his medical records as requested in June of 2009. [Defendants] have attached correspondence showing that they have attempted in good faith to obtain the discovery and releases without court intervention.

> Under Fed. R. Civ. P. 37(b)(2) and (d)(1)(A)(ii) this Court may sanction a party for failing to comply with court orders relating to discovery, or for a party's failure to attended a properly noticed deposition, or respond to interrogatories. Defendants have not sought any orders compelling discovery in this action, and although Plaintiff has apparently not cooperated in picking an agreeable date for depositions, neither has he failed to attend a properly noticed deposition. Therefore, the only proper grounds for Rule 37 sanctions currently alleged by the Defendants is the Plaintiff's failure to respond to the Defendants' Interrogatories.

> Four factors are generally considered when determining whether dismissal

is the appropriate sanction for a discovery violation under Rule 37: (1) whether the party's failure to cooperate in discovery is willful; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the dismissed party was warned that a failure to cooperate could result in dismissal; and, (4) whether less drastic sanctions were imposed or considered prior to dismissal. *Bass*, 71 F.3d at 241; *Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 632 (6th Cir. 2006).

In this case, Plaintiff does not contest that he has failed to respond to the interrogatories (nor that he has thwarted other avenues of discovery), and has offered no explanation or excuse for his failure to comply. The discovery period assigned (and extended) by the Court has expired, and Plaintiff has provided none of the discovery necessary for the Defendants to properly defend or evaluate their case. Plaintiff's failure to comply with its discovery obligations has substantially prejudiced the Defendants in this action. Within the context of Rule 37 sanctions, "prejudice" has been defined to include "deprivation of information through noncooperation with discovery." *Technology Recycling*, 186 Fed. Appx. at 636. The Defendants, need not prove irremediable harm. *Id.* Plaintiff's refusal to cooperate during discovery has clearly undermined the Defendants ability to defend themselves in this action, and has caused unnecessary delay and expense by forcing Defendants to repeatedly seek discovery responses. Defendants, however, have not sought assistance from the Court by seeking an order compelling discovery; less drastic sanctions have not been previously implemented or considered by the Court; and, the Plaintiff has not previously been put on notice that dismissal was a likely result of his failure to cooperate at this juncture.

Having considered all of the sanctions and other available options, the Court finds, that the proper course of action is as follows: (1) Plaintiff's discovery is closed in accordance with the schedule set by the Court; and, (2) Plaintiff shall have one week to complete and return authorizations for the release of his medical information; two weeks to fully respond to all of the Defendants' outstanding discovery requests; and one month to make himself available for deposition at a time and place amenable to the Defendants. **If any of these deadlines are not met, it is this Court's belief that any sanction short of dismissal would be futile and would be likely to result only in additional unnecessary waste of time and resources for all involved. Therefore, if any of these deadlines pass without full compliance by the Plaintiff, Defendants may re-file their motion, and the Court will dismiss this action with prejudice without further delay.**

Further, in accordance with Fed. R. Civ. Pro. 37(d)(3), Plaintiff is hereby ordered to pay the reasonable expenses, including attorneys fees, caused by his failure to timely answer the interrogatories. Defendants shall submit proof of expenses and fees relating to Plaintiff's failure to respond to interrogatories, and a

proposed order, no later than January 20, 2010.

Memorandum Opinion and Order dated January 6, 2010, at p. 3.  (Emphasis added.)  (Docket #28.)  The Court denied the initial Motion to Dismiss, but imposed the foregoing deadlines on Plaintiff, specifically stating that the failure to comply would result in dismissal.

On January 21, 2010, Defendants filed their Renewed Motion to Dismiss for Failure of Plaintiff to Provide Discovery Responses.  (Docket #32.)  Defendants assert that as of the time of filing their Renewed Motion to Dismiss, more than two weeks after the Court issued its Order regarding discovery, Defendants had not received any responses to Defendants' First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions Propounded to Plaintiff, or any documents in response to the requests for production.  In addition, Defendants had received no response to a January 11, 2010 e-mail sent to Counsel for Plaintiff, requesting that a medical records release form provided by Nord Center, a treatment facility identified by Plaintiff during deposition, be completed and returned.

## Discussion

As an initial matter, this Court notes that on October 19, 2009, Plaintiff requested a 30-day extension of the discovery deadline in this case (Docket #16) which was granted on October 26, 2009 (Docket #20).  Thus, at Plaintiff's request, the discovery deadline was extended from November 1, 2009 to December 1, 2009.  Defendants filed their initial Motion to Dismiss for failure to Provide Discovery on November 9, 2009.  (Docket #21.)  Plaintiff never opposed Defendants' initial Motion to Dismiss.  Nonetheless, the Court denied Defendants' initial Motion to Dismiss, and instead issued an Order, quoted above, setting forth specific discovery deadlines.

-3-

The Court warned Plaintiff that the failure to comply would result in dismissal.[1]

Plaintiff failed to fully comply with this Court's January 6, 2010 Order regarding discovery. The Court has re-examined the four factors to be considered in determining whether dismissal is the appropriate sanction for a discovery violation under Rule 37. *Bank One of Cleveland, N.A. v. Abbe*, 116 F.2d 1067, 1073 (6th Cir. Ohio 1990). In the instant case, Plaintiff's failure to cooperate in discovery appears from all indications to be willful, as there has been no indication to the contrary despite having been afforded every opportunity to participate and there being no barriers preventing Plaintiff from notifying the Court of any difficulties; Defendants have been prejudiced by Plaintiff's failure to cooperate, undermining Defendants' ability to defend themselves and causing unnecessary delay and expense; and, Plaintiff was warned by the Court that the failure to cooperate would result in the dismissal of this action. This Court has already made it clear to the Parties that the Court does not find less severe sanctions to be appropriate in this matter, in the face of Plaintiff's continued failure to comply.

The Court finds it particularly troubling that not only has Counsel for Plaintiff failed to respond to discovery, as specifically ordered by the Court, there has been no effort on behalf of Plaintiff to account for the failure to respond. In fact, since Plaintiff's motion for a 30-day extension of the discovery deadline, granted by the Court and extending the discovery deadline in this case to December 1, 2010, Counsel for Plaintiff has filed nothing with this Court to account

---

[1]

    In addition to the above, on December 31, 2009, Defendants filed a Motion for Summary Judgment. (Docket #37.) Plaintiff did not oppose Defendants' Motion for Summary Judgment and at no time did counsel request an extension of the January 31, 2010 opposition deadline. In addition to the above, neither Plaintiff or Counsel appeared for a January 13, 2010 status conference in this case.

for the fact that he has failed to comply with discovery within the mandated time frame and failed to respond to any of the motions filed by Defendants. As the Court and Counsel for Defendants continue to expend valuable time and resources on the litigation of this matter, the Court has no indication that Plaintiff has done the same.

### Conclusion

Based on the foregoing, the Renewed Motion to Dismiss with Prejudice, filed by Defendants pursuant to Fed. R. Civ. P. 73(d)(1)(A)(ii) (Docket #32), is hereby GRANTED. This case is hereby DISMISSED WITH PREJUDICE.

In addition to the above, on January 12, 2010, as requested by the Court, Defendants submitted Proof of Expenses and Fees relating to Plaintiff's Failure to Respond to Discovery. (Docket #30.) Defendants seek $921.00 in attorneys' fees incurred as the result of Plaintiff's failure to timely answer the interrogatories and requests for production of documents, and expenses in the amount of $120.00 related to the uncompleted deposition of Plaintiff on December 11, 2009, for a total of $1,041.00. Defendants set forth a detailed itemization of attorneys' fees and costs. (Docket #30 at Attachment 1.) The Court has reviewed Defendants' itemization, in conjunction with the history of this case. The Court finds the foregoing to be reasonable and appropriate. Accordingly, in accordance with Fed. R. Civ. P. 37(d)(3), Plaintiff is hereby ORDERED to pay Defendants $1,041.00 in fees and costs.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 10, 2010

-5-